UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SICA SUN,<br>    Plaintiff,<br>        v.<br>GEORGE SZILAGYI,<br>    Defendant. | Case No. 13-cv-02932-MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

On June 26, 2013, Defendant George Szilagyi removed this unlawful detainer action from Alameda County Superior Court. However, as it appears that jurisdiction is lacking and the case should be remanded to state court, the Court ordered Defendant to show cause by November 4, 2013, why this case should not be remanded. No response has been received. Based on this procedural history, the Court finds it appropriate to remand this case. As Defendant has not consented to the undersigned's jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that the case be remanded to Alameda County Superior Court. The order to show cause hearing is VACATED.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir.

1    1992) (internal citations omitted).  Accordingly, "federal jurisdiction must be rejected if there is
2    any doubt as to the right of removal in the first instance." *Id.* at 566.  Further, a district court must
3    remand the case to state court if it appears at any time before final judgment that it lacks subject
4    matter jurisdiction.  28 U.S.C. § 1447(c).

5    Here, the face of the complaint, which asserts only one state law claim for unlawful
6    detainer, does not provide any ground for removal.  An unlawful detainer action, on its face, does
7    not arise under federal law but is purely a creature of California law.  *Wells Fargo Bank v. Lapeen*,
8    2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL
9    4916578, at *2 (C.D. Cal. Nov. 22, 2010).  Further, even if Defendant(s) were to allege diversity
10   jurisdiction, Plaintiff(s) brought this action in California, as the property at issue is located in the
11   state.  Where diversity is cited as a basis for jurisdiction, removal is not permitted if a defendant in
12   the case is a citizen of the state in which the plaintiff originally brought the action, even if the
13   opposing parties are diverse.  28 U.S.C. § 1441(b).  Moreover, the amount in controversy
14   requirement does not appear to be met because the damages claim in this case is under $10,000.
15   In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the
16   subject real property, determines the amount in controversy, and, pursuant to California Code of
17   Civil Procedure section 86(a)(4), an unlawful detainer is a limited civil action where the "whole
18   amount of damages claimed" must be "twenty-five thousand dollars ($25,000) or less."  Cal. Civ.
19   Pro. § 86(a)(4).  Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil
20   actions only where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

21   Finally, an anticipated federal defense or counterclaim is not sufficient to confer
22   jurisdiction.  *Franchise Tax Bd. of Ca. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983);
23   *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994).  "A case may not be removed to federal court on
24   the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint."
25   *ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality of the State of Montana*, 213
26   F.3d 1108, 1113 (9th Cir. 2000); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir.
27   2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court,
28   even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

Thus, any anticipated defense, such as a claim under the Protecting Tenants at Foreclosure Act ("PTFA"), Pub.L. No. 111–22, § 702, 123 Stat. 1632 (2009), is not a valid ground for removal. *See e.g. Aurora Loan Services, LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, 2010 WL 4809661, at *2-3 (S.D. Cal. Nov.19, 2010); *Wescom*, 2010 WL 4916578, at 2–3; *Aurora Loan Services, LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D. Cal. March 29, 2010).

Thus, as jurisdiction appears to be lacking, and Defendant failed to respond to the order to show cause, the Court finds that the burden of demonstrating grounds for jurisdiction has not been met. Accordingly, the undersigned finds that this case should be remanded.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: November 6, 2013

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3